*JARDELA* vs. *ABAT.*

East'n. District.
*May*, 1829.

JARDELA
*vs.*
ABAT.

APPEAL from the court of probates of the parish and city of New-Orleans.

A donation must be made before a notary and two witnesses.

PORTER, J. delivered the opinion of the court. This action has for its object to settle the right of property to a negro slave and her two children, inventoried, as the property of the deceased, and claimed by the plaintiff, his natural daughter, as belonging to her.

Neither of the parties shew a written title to the property. The defendant indeed offers a bill of sale to the ancestor of the petitioner, for two slaves named *Maria* and *Isabella*, and has attempted to prove, by parol evidence, that the latter is the same who is now called *Nina*, and is the subject of this suit. This evidence is very unsatisfactory. One of the witnesses, who was introduced to establish the fact, is the mother of mortgage creditors, whose share will be increased out of the insolvent estate, if this slave is established to belong to it. Her testimony was taken, subject to an exception, and in our opinion, she was incompetent. The executor in this action represents the creditors of the succession. They could not give evidence, and consequently their ascendant could not. The testimony of this witness excluded

the weight of evidence, in regard to the identity of the slave, is with the plaintiff.

But the defendant contends, that the title of the plaintiff is by a donation from her father, and this donation is null and void ; first, because it was not made in due form of law, and second, because at the time of making it the deceased was largely indebted.

On this point we think the defendant must succeed. Several witnesses were introduced on the part of the plaintiff, who testified, that for many years previous to the death of the father, he was heard to say, that the slave in question with her offspring, belonged to the plaintiff. One of them goes further, and states, that she knows the slaves were the property of the petitioner, because her father told the witness that he had given the slave to his child. No evidence is offered to explain or do away the effect of this testimony. The impression on our minds is that it is the truth of the case. The plaintiff is a person of color, and the natural child of the deceased. It has not been shewn how she acquired, at so early an age as that at which she must have been, when this slave came into the house of her father, the means to purchase property of this value. While her own witness, uncontradicted, states the father

East'n. District.
*May*, 1829.

JARDELA
*vs.*
ABAT.

to have given the slave to his daughter. We cannot escape from the effect it is entitled to, and declare the gift void, as not made before a notary and in the presence of two witnesses.— *C. Code,* 220, *art.* 53.

It is therefore ordered, adjudged and decred, that the judgment of the court of probates be annulled, avoided and reversed, and that there be judgment for the defendant with costs in both courts.

*Canonge* for the plaintiff—*Seghers* for the defendant.